IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH KEEL, | 1: 99-CV-6720 AWI WMW P |
| Plaintiff, | ORDER DISMISSING ACTION FOR LACK OF PROSECUTION |
| v. | |
| RICHARD EARLY, et al., | |
| Defendants. | |

On September 21, 2001, the court found Plaintiff's amended complaint did not state a claim. The court ordered Plaintiff to file an amended complaint. Plaintiff did not file an amended complaint.

On October 17, 2007, the court ordered Plaintiff to show cause why this action should not be dismissed for Plaintiff's failure to prosecute. This order warned Plaintiff that failure to comply with this order would result in this action's dismissal. Over thirty days have passed and Plaintiff has not responded to the order to show cause, filed an amended complaint, or otherwise contacted the court.

A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action or failure to obey a court order. See, e.g., Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint). In determining whether to dismiss an action for lack of prosecution or failure to obey a court order the court must consider several factors, including: (1) the public's interest in expeditious

resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995); Ferdik, 963 F.2d at 1260-61.

At this time, the court has no choice but to dismiss this action. No complaint is currently on file, and this case cannot proceed without a complaint on file. The court cannot manage its docket if it maintains cases in which a plaintiff fails to keep an operative complaint on file by filing an amended complaint. The public's interest in the expeditious resolution of litigation weighs heavily in favor of dismissal of such cases so that the court's limited resources may be spent on cases in which the litigant is actually proceeding. Public policy favoring disposition of cases on their merits also has little or no weight in actions where the plaintiff lacks enough of an interest to file an amended complaint. The public and the court have no interest in determining the truth or falsity of the allegations that Plaintiffs might raise in an amended complaint if Plaintiffs never file an amended complaint. The availability of less drastic sanctions has been considered, but given that no complaint is on file, the court has no effective sanction but to close the case. The court expressly warned Plaintiff that to file an amended complaint would result in this action's dismissal. Finally, the risk of prejudice to Defendant also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. See Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).

Accordingly, the court ORDERS that:

1. This action is DISMISSED for Plaintiff's failure to prosecute; and
2. The Clerk of the Court shall close the case.

IT IS SO ORDERED.

**Dated:   January 18, 2008**           /s/ Anthony W. Ishii
                                                   UNITED STATES DISTRICT JUDGE

2